IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CR107 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GARY S. REIBERT, | ) | |
| | ) | |
| Defendant. | ) | |

     This matter is before the court on the motion of defendant Gary S. Reibert (Reibert) for a Bill of Particulars (Filing No. 93).  Reibert is charged in the Superseding Indictment with the receipt and attempted receipt of child pornography (Count I) in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) and accessing child pornography with intent to view (Count II) in violation of 18 U.S.C. § 2252A(a)(5)(B).  Reibert requests the identification of specific files for which he is being charged.

     The government's response (Filing No. 94) asserts Reibert's counsel has had an opportunity to view the images allegedly accessed by Reibert on "Website A."  Further the government asserts an Interface Report, stripped of child pornographic images, has been provided to Reibert's counsel and such report lays out the threads on the website Reibert accessed and received as well as information on each of those threads (Filing No. 95). The government has informed Reibert's counsel that an imaged hard drive of the computer media taken from Reibert's residence will be available for forensic review by Reibert's expert.  The government has informed Reibert's counsel that the government will provide Reibert's counsel with additional discovery as it becomes available and that NCMEC reports will be delivered if and when such reports are received together with any ongoing reports of examination of the computer seized from Reibert's home.  Further, the government will provide a mirrored hard drive to Reibert's forensic expert for an independent review at an FBI office.

     The fundamental purpose of a bill of particulars is to inform the defendant of the nature of the charges against him, to prevent or minimize the element of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the

same offense when the indictment is too vague and indefinite. *United States v. Beasley*, 688 F.3d 523, 532 (8th Cir. 2012); *United States v. Bowie*, 618 F.3d 802, 817 (8th Cir. 2010). The court has broad discretion in granting or denying a bill of particulars. *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011). "The Court must strike a 'prudent balance' between the legitimate interest of the government and the Defendant." *United States v. Nelson*, No. CR. 11–40037, 2011 WL 2160471, at *1 (D. S.D. June 01, 2011) (slip copy) (**quoting** *United States v. MacFarlane*, 759 F. Supp. 1163, 1169 (W.D. Pa . 1991)). The court, in its discretion, may order the government to provide requested supplementary details where the indictment fails sufficiently to advise the defendant of the charges and to enable him to prepare a defense. **See, e.g.**, *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir. 1986); *United States v. Hill*, 589 F.2d 1344, 1351-52 (8th Cir. 1979). A bill of particulars, however, is not a proper tool for discovery. *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009), *see also* *United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006). It is not to be utilized to provide itemized disclosure of the government's evidence at trial. *Huggans*, 650 F.3d at 1220.

Additionally, in *United States v. Cole*, 707 F. Supp. 999 (N.D. Ill. 1989), the court, in denying defendant's motion for a bill of particulars in a prosecution for a drug distribution conspiracy, explained:

> In evaluating the need for a Bill of Particulars, the court must determine whether the indictment adequately sets forth the elements of the offense charged and sufficiently appraises the defendant of the charges to enable him to prepare for trial. Even if the indictment itself does not contain enough information to permit a defendant to prepare his defense, the government may obviate the need for a Bill of Particulars by disclosing additional details about the charges during discovery.

*Cole*, 707 F. Supp. at 1001. Further, other courts, when considering a defendant's request for a bill of particulars, have denied such a request where substantial discovery materials have been provided. **See** *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990); *United States v. Savides*, 661 F. Supp. 1024, 1028 (N.D. Ill. 1987), **aff'd sub nom.** *United States v. Pace,* 898 F.2d 1218 (7th Cir. 1990); *United States v. Diaz*, 675 F.

Supp. 1382, 1390 (E.D.N.Y. 1987), **aff'd**, 878 F.2d 608 (2d Cir. 1989); United States v. Rosenthal, 793 F.2d 1214, 1227 (11th Cir.), **modified on other grounds**, 801 F.2d 378 (11th Cir. 1986). "A bill of particulars is not required when information needed for a defendant to prepare for trial can be obtained through some other satisfactory form, such as where the government has an open-file policy or has otherwise disclosed the information to the defendant." United States v. Norman, No. 4:10CR59, 2011 WL 2678821, at *2 (E.D. Ark. June 30, 2011) (slip copy). Thus a bill of particulars should not issue where the specifics requested by the defendant are readily available elsewhere. United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987).

Upon a review of the Superseding Indictment and of the representations made by the parties regarding the extent of discovery made available in this matter, the court finds a bill of particulars, as sought by Reibert is not warranted in this matter as he seeks evidentiary material and seeks to have the government marshal the evidence for trial. Accordingly, the motion for a bill of particulars (Filing No. 93) is denied, without prejudice.

**IT IS SO ORDERED.**

DATED this 24th day of July, 2013.

BY THE COURT:

 s/ Thomas D. Thalken
 United States Magistrate Judge