## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13CR107 |
| vs. | |
| GARY REIBERT, | FINDINGS AND RECOMMENDATION |
| Defendant. | |

This matter is before the court on the defendant's, Gary Reibert (Reibert), Motion to Suppress (Filing No. 117). Reibert is charged in the Second Superseding Indictment with the receipt and attempted receipt of child pornography (Count I) in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) and the accessing of a computer in interstate commerce with the intent to view child pornography (Count II) in violation of 18 U.S.C. § 2252A(a)(5)(B) during the period of November 16, 2012, and December 2, 2012. **See** Filing No. 110. Reibert is also charged in a Forfeiture Allegation seeking forfeiture of property in violation of 18 U.S.C. § 2253. *Id.* Reibert filed a second motion to suppress (Filing No. 131) which sought to suppress evidence seized as a result of the issuance of a warrant to deploy a Network Investigative Technique (NIT) on a child pornographic website; however, that motion involving the NIT was considered in an omnibus evidentiary hearing and subsequently denied on October 14, 2014. **See** Filing No. 294 - Memorandum and Order. In the motion to suppress currently before this court, Reibert seeks to suppress evidence Federal Bureau of Investigation (FBI) agents and other law enforcement officers seized from his residence at 1309 Kenton Way, Troy, Ohio 45373, on April 8, 2013. **See** Filing No. 117. Reibert also seeks to suppress any statements Reibert made to law enforcement officers during or following the search of his residence. *Id.*[1]

On November 17, 2014, the court held an evidentiary hearing on Reibert's motion. Reibert was present for the hearing along with his counsel, Keith L. Lennen. The United States was represented by Assistant U.S. Attorney Michael P. Norris, and

---

[1]  During an evidentiary hearing, Reibert withdrew the portion of his motion to suppress challenging the admissibility of his statements. **See** TR. 33-35.

U.S. Department of Justice Attorneys Keith A. Becker and Sarah Chang.   During the hearing, as part of a proffer, the court heard the testimony of Tami Loehrs.   The court received into evidence the following exhibits:   101 - Government emails, 102 - Chang's letter, 103 - Becker's letter, and 2A - Evidence inventory.   A transcript (TR.) of the hearing was prepared and filed on November 21, 2014.   **See** Filing No. 330.   The court allowed the parties to submit post-hearing briefs in lieu of closing argument.   Reibert filed a post-hearing brief on December 3, 2014.   **See** Filing No. 339.   The United Stated filed a responsive post-hearing brief on December 8, 2014, at which time the matter was deemed submitted.   **See** Filing No. 346.

## FINDINGS OF FACT

**A.**   **NIT Warrant**

On November 15, 2012, Federal Bureau of Investigation (FBI) Special Agent Jeffrey Tarpinian (Special Agent Tarpinian) applied for and obtained a search warrant permitting the deployment of a NIT on a website.   **See** Filing No. 164-1 - Warrant.[2] Special Agent Tarpinian noted the investigation concerned alleged violations of several statutes related to child pornography.   **See** Filing No. 164-1 - Tarpinian Aff. ¶ 4.   Special Agent Tarpinian explained Website A operated on an anonymity network, "The Onion Router" (Tor), which protects users' privacy by masking a user's actual IP address.   **Id.** ¶¶ 6-8.   The affidavit detailed an investigation undertaken to find and access Website A on the Tor network.   **Id.** ¶¶ 9, 19-32.   Special Agent Tarpinian averred Website A is "dedicated to the advertisement and distribution of child pornography and the discussion of matters pertinent to the sexual abuse of children," extensively described the content of Website A, and explained how users accessed and used Website A.   **Id.** ¶¶ 10-18.

Special Agent Tarpinian explained that each time a user of Website A accessed any page in particular sections of Website A, the NIT sent one more communications to the user's computer which would then cause the receiving or activating computer to deliver to a computer known to or controlled by the government data that would help identify the computer accessing Website A, its location, its user, and other information

---

[2]   The warrant and affidavit in support of the NIT warrant refer to the website as "Bulletin Board A;" however, the parties, and the affidavit in support of the residential warrant refer to the website as "Website A."

about the computer. *Id.* ¶¶ 33-38. Special Agent Tarpinian disclosed the specific information the NIT would gather and explained the limits of the NIT. *Id.* ¶¶ 35, 42.

## B.    Residential Warrant

On April 4, 2013, FBI Special Agent Andrea R. Kinzig (Special Agent Kinzig) applied for and obtained a residential search warrant for Reibert's home at 1309 Kenton Way, Troy, Ohio 45373. **See** Filing No. 164-2 - Warrant. In the affidavit in support of the warrant, Special Agent Kinzig provided extensive detail regarding an investigation into child pornography. *Id.* - Kinzig Aff. ¶¶ 3-47. Special Agent Kinzig explained an internet account with IP address 50.102.45.107 was identified as accessing Website A. *Id.* ¶ 9. Special Agent Kinzig described how Website A operated, how individuals accessed it, and what messages and images Website A contained, as in the type of and quantity of child pornography. *Id.* ¶¶ 10-20. Further, Special Agent Kinzig explained how law enforcement officers were able to investigate users of Website A. *Id.* ¶¶ 21-23.

According to the information obtained, law enforcement discovered the user with the specifically identified IP address accessed pages on Website A that contained twelve separate message threads consisting approximately of 288 images of minors, at least one hundred of which consisted of child pornography images. *Id.* ¶ 24. The content of four of the message threads were detailed extensively, including descriptions of the images found within. *Id.* ¶ 25.

Subsequently, law enforcement learned the IP address was assigned to Reibert's home address. *Id.* ¶¶ 26-27. A search on the internet revealed Reibert lived in the Dayton, Ohio, area and he possessed special skills, abilities, and expertise in the area of computer systems. *Id.* ¶ 28. Special Agent Kinzig stated in her experience, individuals who access child pornography maintain hard copies of child pornographic material. *Id.* ¶ 29. Special Agent Kinzig stated the individual using the target IP address displayed characteristics common with individuals who access with intent to view child pornography. *Id.* ¶ 30. The affidavit extensively described how child pornography can be accessed and maintained on computers and related devices. *Id.* ¶¶ 31-42. Special Agent Kinzig averred there was probable cause to believe evidence

of crimes related to child pornography would be located at the subject premises.  **Id.** ¶¶ 46-47.

## LEGAL ANALYSIS

Reibert seeks to suppress all evidence derived from both the NIT warrant and the residential warrant.  **See** Filing No. 117 - Motion; Filing No. 199 - Supplement; Filing No. 339 - Brief.   Reibert contends the government conducted a warrantless search of Reibert's computer by employing the NIT.  **See** Filing No. 339 - Brief.  Reibert argues the search warrant permitting the NIT was a general warrant lacking particularity and did not permit a search of Reibert's computer.  **Id.** at 1-6.  Additionally, Reibert contends the warrant to search his residence was not based upon probable cause.  **Id.** at 1, 6-10. Reibert also reasserts he is entitled to a **Franks** hearing because the affidavit in support of the NIT warrant failed to include evidence that negated probable cause.  **Id.** at 1.

### A.   *Franks*

For the reasons set forth on the record during the November 17, 2014, evidentiary hearing, Reibert's request for a **Franks** hearing is denied.  **See** TR. 9-30.

### B.   NIT and Residential Warrants

An affidavit for a search warrant must contain probable cause of four ingredients: time, crime, objects, and place.  2 Wayne R. LaFave, Search & Seizure § 3.7(d) at 412 (4th ed. 2004).  "When the [issuing judge] relied solely upon the supporting affidavit to issue the search warrant, only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." **United States v. O'Dell**, 766 F.3d 870, 874 (8th Cir. 2014).  When reviewing the sufficiency of an affidavit "[a] totality of the circumstances test is used to determine whether probable cause exists.  Courts should apply a common sense approach and, considering all relevant circumstances, determine whether probable cause exists." **United States v. Hager**, 710 F.3d 830, 836 (8th Cir. 2013).  "[J]udges may draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a warrant."  **Hager**, 710 F.3d at 836.  "The existence of

4

probable cause depends on whether . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place."  ***O'Dell***, 766 F.3d 873; **see also** ***Illinois v. Gates***, 462 U.S. 213, 238 (1983).  Courts provide "great deference to the issuing judge's determination that [the] affidavit established probable cause."  ***United States v. Keele***, 589 F.3d 940, 943 (8th Cir. 2009).

### 1.    NIT Warrant

The affidavit in support of the NIT warrant contained sufficient probable cause to issue the NIT warrant.  In the affidavit, Special Agent Tarpinian averred, with detail, the contents of a specific website which contained messages and images related to the sexual exploitation of children and the offenses related to the viewing of such material.  **See** Filing No. 164-1 - Tarpinian Aff. ¶¶ 6-52.  Special Agent Tarpinian explained how a user could access the material.  ***Id.***  Special Agent Tarpinian stated the government would employ a NIT to identify the activating computer accessing the information, its location, and potentially the user of the computer.  ***Id.***  Special Agent Tarpinian then provided an explanation of how the NIT functions, the NIT's purpose and necessity, and the information the NIT would collect from activating computers.  ***Id.***  Further, Special Agent Tarpinian explained, based on his training and experience, he believed there existed, on the activating computers, evidence of criminal activity related to the sexual exploitation of children.  ***Id.***  The NIT was not a general warrant lacking particularity as it noted the specific offenses alleged, described the places to be searched, and described the information to be seized.  Upon review of the totality of the circumstances, there existed probable cause to issue the NIT warrant.  Contrary to Reibert's argument the NIT violated his right to be secure from unreasonable searches and seizures; law enforcement deployed the NIT pursuant to a search warrant supported by probable cause.

### 2.    Residential Warrant

The affidavit in support of the residential search warrant contained sufficient probable cause that evidence of possessing, accessing, or attempting to access child pornography would be in Reibert's residence on his computer and related media

devices.   The affidavit detailed the investigation law enforcement used to identify Reibert's access to Website A.   The affidavit further detailed law enforcement identified an IP address associated with Reibert's residence which accessed Website A and accessed certain message threads containing child pornography.   Special Agent Kinzig provided a detailed description of some of the images on the accessed message threads.   The issuing judge was not required to view the actual images in light of the sufficiently detailed description of the images.   **See *New York v. P.J. Video, Inc.***, 475 U.S. 868, 874 n.5 (1986)[3]; ***United States v. Miknevich***, 638 F.3d 178, 183 (3d Cir. 2011) ("It is clear that a magistrate can determine probable cause without seeing the images and/or viewing the contents of an illicit computer file.").   Special Agent Kinzig also averred that in her experience and based on the facts of the investigation, the target of the investigation likely collected child pornography.   Additionally, contrary to Reibert's argument, the affidavit alleges Reibert did engage in illegal activity. Specifically, it alleges Reibert accessed with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).   Upon review of the totality of the circumstances, probable cause existed to issue the warrant.   Upon consideration,

**IT IS RECOMMENDED TO SENIOR JUDGE JOSEPH F. BATAILLON that**:

Reibert's Motion to Suppress (Filing No. 117) be denied.

### ADMONITION

Pursuant to NECrimR 59.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation.   Failure to timely object may constitute a waiver of any such objection.   The brief in support of any objection shall be filed at the time of filing such objection.   Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 12th day of December, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

[3] "[W]e have never held that a magistrate must personally view allegedly obscene films prior to issuing a warrant authorizing their seizure.  On the contrary, we think that a reasonably specific affidavit describing the content of a film generally provides an adequate basis for the magistrate to determine whether there is probable cause to believe that the film is obscene, and whether a warrant authorizing the seizure of the film should issue."  ***P.J. Video, Inc.***, 475 U.S. at 874 n.5.